**Dallas O. SHAVER et al., Plaintiffs,**

v.

**ARKANSAS–BEST FREIGHT SYSTEM, INC., et al., Defendants and Third Party Plaintiffs (FRUEHAUF TRAILER Company, Third Party Defendant).**

**Civ. A. No. 1473.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

March 31, 1959.

Batchelor & Batchelor, Van Buren, Ark., Hardin, Barton, Hardin & Garner, Ft. Smith, Ark., for plaintiff.

Thomas Harper, Ft. Smith, Ark., Ralph Robinson, Van Buren, Ark., for defendants.

Warner, Warner & Ragon, Ft. Smith, Ark., for Fruehauf Trailer Co.

JOHN E. MILLER, Chief Judge.

The plaintiffs [1] and the defendants, Arkansas-Best Freight System, Inc., and W. E. Hall, have filed separate motions to remand this case to the Circuit Court of Crawford County, Arkansas, whence it was removed by the third party defendant, Fruehauf Trailer Company.

The plaintiffs are citizens of Arkansas and residents of Sebastian County.

The defendant, Arkansas-Best Freight System, Inc., is a corporation organized and existing under the laws of the State of Arkansas, and has and maintains an office in the City of Fort Smith, Sebastian County. The defendant, W. E. Hall, is a citizen of Arkansas and a resident of Sebastian County.

The third party defendant, Fruehauf Trailer Company, is a corporation organized and existing under the laws of the State of Michigan, and is authorized to do business in Arkansas.

The complaint of plaintiffs was filed in the Crawford Circuit Court on December 12, 1958, seeking to recover a judgment against defendants, Arkansas-Best Freight System, Inc., and W. E. Hall, for damages for the death of Wendell W. Shaver and wife, Helen Ann Shaver, and the children, Barry A. Shaver, Wendell Allen Shaver, and Cynthia Ann Shaver, on November 30, 1958, through and by reason of the alleged negligent operation of a truck trailer by the de-

---

1. Dallas O. Shaver and Ottie R. Shaver are the parents of Wendell W. Shaver, and the paternal grandparents of Barry A. Shaver, a minor four years of age, Wendell Allen Shaver, a minor six years of age, and Cynthia Ann Shaver, a minor seven months of age, deceased.

The plaintiff, Mrs. Sidney Barry, is the sole surviving parent of Helen Ann Shaver, deceased, and the maternal grandparent of the minors above named.

Thus, the plaintiff father and mother of Wendell W. Shaver and Mrs. Sidney Barry, mother of Helen Ann Shaver, and the grandparents of the minors brought the action in their own right and as next of kin for the deceased minors.

In addition, the plaintiff, Dallas O. Shaver, is the administrator of the estate of his deceased son and the minor grandchildren, Barry A. Shaver and Wendell Allen Shaver, and the plaintiff, R. A. Tankersley, is the administrator of the estate of Helen Ann Shaver and the minor Cynthia Ann Shaver.

fendants on U. S. Highway 71 in Crawford County, Arkansas.

It is not necessary to detail the specific acts of negligence which the plaintiffs alleged were the proximate cause of the death of the five persons.

On January 3, 1959, the defendants, Arkansas-Best Freight System, Inc., and W. E. Hall, filed their demurrer to the complaint of the plaintiffs, but the record does not disclose what action, if any, was taken on the demurrer in the state court.

Subsequent to the filing of the demurrer, the defendants filed a motion in the state court for leave to file a third party complaint. The third party complaint was filed January 17, 1959, against the third party defendant, Fruehauf Trailer Company, and alleged that the collision between the automobile that was being driven by the deceased, Wendell W. Shaver, and the tractor trailer was caused wholly, solely, and proximately by the negligence of the third party defendant, Fruehauf Trailer Company.

Specifically it is alleged:

"2. Defendants and third party plaintiffs state that the plaintiffs herein have made claims against them for damages on accounts of the deaths of Wendell W. Shaver, Helen Ann Shaver, Barry A. Shaver, Wendell Allen Shaver and Cynthia Ann Shaver, alleging in substance that on some date prior to December 12, 1958, said persons were killed as a result of a collision between an automobile in which they were riding and a trailer owned and operated by the defendant, Arkansas-Best Freight System, Inc., and driven by the defendant, W. E. Hall, at a point on United States Highway No. 71, about 10 miles North of Mountainburg, Arkansas, and alleging certain acts of negligence on the part of these defendants and third party plaintiffs, which the defendants and third party plaintiffs have denied.

"3. Defendants and third party plaintiffs state that the third party defendant, Fruehauf Trailer Company, is liable to the plaintiffs for all of their claims alleged against these defendants and third party plaintiffs by reason of the negligence of the said third party defendant as follows:

"(a) On or about June 1, 1956, the third party defendant sold and delivered to Best Motor Freight, Inc., predecessor of the defendant, Arkansas-Best Freight System, Inc., a 1956 open top trailer, Serial No. AV 301673, designed to be used in the transportation of freight by motor vehicle by being pulled by a truck-tractor; thereafter, on or about June 3, 1957, by reason of the merger of Best Motor Freight, Inc. and the defendant and third party plaintiff, Arkansas-Best Freight System, Inc., the said trailer became the property of said defendant and third party plaintiff.

"(b) The said trailer was designed to be pulled by a truck-tractor by means of a king pin attached to the bottom of said trailer for attachment to the fifth wheel assembly of said truck-tractor, and at the time said trailer was sold and delivered as aforesaid, the same was equipped with a faulty and defective king pin of improper and negligent design and was constructed of faulty and defective materials, and was not designed in a safe manner, but was inherently dangerous when used in pulling said trailer when loaded or unloaded upon the highways, all of which facts were known to the third party defendant, Fruehauf Trailer Company, or could have been known to it in the exercise of ordinary care on its part.

"(c) That notwithstanding it knew, or should have known, that the said trailer was sold and delivered as aforesaid for use in hauling freight upon highways and equipped with said inherently dangerous king pin of faulty and negligent design and manufacture, the said Fruehauf Trailer Company

negligently sold and delivered said trailer as aforesaid and negligently failed to warn the purchaser thereof and this defendant and third party plaintiff's predecessor that the same was inherently dangerous and incapable of pulling normal loads by means of a truck-tractor as aforesaid.

"(d) That at the time and place alleged in the complaint, said defendant and third party plaintiff was pulling said trailer, which was loaded in a normal manner with general freight of reasonable weight and dimensions, when suddenly and without warning the inherently dangerous and defective king pin on said trailer broke and gave way in such manner as to cause said trailer to become separated from the tractor pulling the same, as a result of which said trailer, being out of control of the tractor pulling same and driven by the defendant and third party plaintiff, W. E. Hall, ran into and against the automobile in which said deceased persons were riding, killing them, as alleged in the complaint.

"(e) That at the time and place, the defendant and third party plaintiff, W. E. Hall, was operating said truck-tractor and trailer in a normal manner in the exercise of ordinary care, and that the collision of said trailer with the automobile aforesaid was not in any manner caused by any act of negligence on the part of said W. E. Hall or of his employer, Arkansas-Best Freight System, Inc., but the collision aforesaid and the deaths of said persons was caused wholly, solely and proximately by the negligence of the third party defendant, Fruehauf Trailer Company, as hereinabove alleged, and that therefore, the said third party defendant, Fruehauf Trailer Company, is liable to plaintiffs for all of the claims asserted by plaintiffs against the defendants, Arkansas-Best Freight System, Inc. and W. E. Hall."

The prayer of the third party complaint is that any judgment for damages to which the plaintiffs may be entitled should be rendered in their favor against the third party defendant.

On January 27, 1959, the defendants filed their answer to the complaint of the plaintiffs and a "cross-complaint" against the third party defendant, Fruehauf Trailer Company.

In the answer of the defendants they denied that either of them was negligent in any manner as alleged in the complaint, and that the death of the five persons was not caused by any act of negligence on the part of either of the defendants, but by the negligence of persons other than the defendants.

In the cross-complaint the defendants alleged that at the time and place of the collision between the automobile and the tractor trailer, the defendants were operating a 1958 GMC tractor, pulling a 1956 Fruehauf trailer, which was loaded with various items of freight and commodities being transported by the defendant, Arkansas-Best Freight System, Inc., as a part of its business as a common carrier; that as a direct and proximate result of the negligence of the Fruehauf Trailer Company, as alleged in the third party complaint, said tractor and trailer were damaged and the cargo of freight contained therein was damaged, and the defendant, W. E. Hall, sustained personal injuries. Then follow allegations of the specific damages allegedly suffered by the defendant, Arkansas-Best Freight System, Inc., and the personal injuries sustained by the defendant, W. E. Hall.

The prayer of the cross-complaint is that the defendant, Arkansas-Best Freight System, Inc., recover judgment against the cross-defendant, Fruehauf Trailer Company, in the sum of $18,910.-94, and that the defendant, W. E. Hall, have judgment against the cross-defendant in the sum of $5,000, together with their costs.

While the pleadings in the state court were in the posture above outlined and

after service of summons upon the third party defendant issued on the third party complaint and the cross-complaint, the third party defendant, on February 16, 1959, filed its petition for removal, and in accordance therewith the entire case was removed to this court.

In the petition for removal the third party defendant alleged:

"That the claim or cause of action set forth in the third-party complaint against petitioner [Fruehauf Trailer Company], a citizen and resident of the State of Michigan, is a wholly separate and independent claim or cause of action against this petitioner, which would be removable if sued upon alone; that said cause of action is now joined with the nonremovable claims or causes of action set forth in the complaint herein against said defendants [Arkansas-Best Freight System, Inc., and W. E. Hall], and that the entire case should be removed to the United States District Court for the Western District of Arkansas as provided in U.S.C.A. 28, Sec. 1441 (c). That there is no relation or connection between the claims and causes of action alleged against defendants in plaintiffs' complaint and the cause of action which defendants attempt to allege against petitioner in said third party complaint; that the alleged acts of negligence occurred at different times, and different places, and under different circumstances, and are separate, unrelated, independent and severable claims."

As to the claims of the defendants against the third party defendant alleged in the "cross-complaint," the third party defendant alleged that said claims are wholly separate, distinct and independent claims or causes of action between citizens of different states; that the petitioner is a citizen and resident of the State of Michigan and the defendants were and are citizens and residents of the State of Arkansas; that the claim of the Arkansas-Best Freight System,

Inc., is one of which this court has original jurisdiction under 28 U.S.C.A. § 1332; that it is a separate and independent claim properly removable to this court by petitioner pursuant to the provisions of Title 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum of $10,-000 exclusive of interest and costs, and is between citizens of different states and is a separate, independent and severable claim.

The plaintiffs in their motion to remand alleged that the action by them is the result of an automobile accident which occurred in Crawford County, Arkansas, and "that the defendants are joint tort-feasors and that a separate and independent claim or cause of action within the meaning of the statute is not pleaded and the same is non-existent. That is to say, that the causes or controversies are not separable."

In the motion to remand filed by the defendants, third party plaintiffs, and cross complainants, it is alleged that the cause of action was improvidently removed to this court and that this court does not have jurisdiction of the subject matter of said cause.

It will be noted that the complaint of the plaintiffs is directed solely against the defendants, Arkansas-Best Freight System, Inc., and W. E. Hall, and that the claim of plaintiffs against the defendants is not removable because of the lack of diversity of citizenship.

The defendants, under Ark.Stat.Ann. Sec. 34-1007 (1947), filed their third party complaint against the third party defendant, Fruehauf Trailer Company, and under Ark.Stat.Ann. Sec. 27-1134 (1947), filed their cross-complaint.

Upon the filing of the third party complaint and the cross-complaint, the third party defendant filed its petition for removal, as above set forth, and the entire case was removed.

The parties have submitted briefs in support of their various contentions. The third party defendant contends that the petition of plaintiffs to remand the

action against the defendants should be sustained, and the petition of the defendants, Arkansas-Best Freight System, Inc., and W. E. Hall, to remand the third party action should be overruled.

The defendants contend that any case where the plaintiff's claim properly states a cause within the jurisdiction of the state court, no subsequent action by the defendants by way of third party complaint, counterclaim or cross-complaint, regardless of diversity and regardless of the amount, can afford a basis for removal from the state court, and that the entire cause should be remanded to the Circuit Court of Crawford County, Arkansas, for further proceedings.

The plaintiffs contend that the cumulative effect of the action of defendants and the third party defendant produced a single indivisible injury, namely, the killing of plaintiffs' decedents which would not have resulted except for the concurrence of the alleged acts of negligence and by reason thereof the cause was not removable.

The third party defendant further contends that its right to remove the case, and in particular those issues raised by the third party complaint and the cross-complaint, "is predicated upon the Federal Removal Statute, 28 U.S.C.A. § 1441 (c), and the Arkansas third-party practice statute, Ark.Stats. Sec. 34–1007 (1947)."

The statutes of a state do not control the privilege of removal, and it is the federal law which determines who is plaintiff and who is defendant for removal purposes.

In Chicago, R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, at page 580, 74 S. Ct. 290, at page 294, 98 L.Ed. 317, the court said:

"For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute. Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214. Here the railroad is the plaintiff under 28 U.S.C. § 1441(a), 28 U.S.C.A. § 1441(a) and cannot remove. The remand was proper."

In Shamrock Oil & Gas Corporation v. Sheets, 1941, 313 U.S. 100, at page 104, 61 S.Ct. 868, at page 870, 85 L.Ed. 1214, the court held that the question of the removability of a case turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes or decisions.

"The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts. Cf. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199."

Prior to the Judicial Code of 1948 a separable controversy afforded the basis for removal of the entire suit. The decisions were in conflict as to a third-party defendant's right to remove. If the third party claim was merely incidental or ancillary to the main action, the right of removal by a third party was denied. Thus the right of removal was denied to a third party defendant impleaded on the ground of liability to the original defendant for all or part of the amount which the plaintiff might recover from the defendant. However, some cases allowed removal by the impleaded third party defendant on the theory that since the plaintiff had not asserted a claim against the third party defendant, the controversy between the latter and the original defendant was separable from plaintiff's original claim. Also, some courts held that the third party defendant could remove when the orig-

inal defendant sought affirmative relief against the impleaded defendant that was not involved in the original suit. Under those decisions, when a third party defendant was allowed to remove on the basis of a separable controversy, the entire suit was removed to the federal court, and the plaintiff was thus deprived of the state forum although the action as instituted by the plaintiff was not removable.

The Code of 1948 eliminated the separable controversy as a basis for removal, but permitted removal on the basis of a separate and independent claim under the circumstances stated in 28 U.S.C.A. § 1441(c). That section reads as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ Thus, under the present statute, removal is denied when the third party claim does not meet the critical separate and independent test, but several courts have permitted removal when they regarded the controversy between the original defendant and the third party defendant as separate and independent from the original action, and the third party claim would be removable by the third party defendant if sued on alone. When that conclusion is reached, the district court, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, beginning at page 9, 71 S.Ct. 534, at page 538, 95 L.Ed. 702, the court, after quoting 28 U.S.C. § 1441(c), said:

"One purpose of Congress in adopting the 'separate and independ-

ent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts. Section 71 allowed removal when a controversy was wholly between citizens of different states and fully determinable between them. Such a controversy was said to be 'separable.' The difficulties inherent in old § 71 show plainly in the majority and concurring opinions in Pullman Co. v. Jenkins, 305 U.S. 534, 542, 59 S.Ct. 347, 351, 83 L. Ed. 334. See Note, 41 Harv.L.Rev. 1048. Often plaintiffs in state actions joined other state residents as defendants with out-of-state defendants so that removable controversies wholly between citizens of different states would not be pleaded. The effort frequently failed, see Pullman Co. v. Jenkins, 305 U.S. at page 538, 59 S.Ct. at page 349, and removal was allowed. Our consideration of the meaning and effect of 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441 (c), should be carried out in the light of the congressional intention. Cf. Pullman Co. v. Jenkins, supra, 305 U.S. at page 547, 59 S.Ct. at page 353; Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 483, 85 L.Ed. 800.

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. 'Controversy' had long been associated in legal thinking with 'case.' It covered all disputes that might come before federal courts for adjudication. In § 71 the removable 'controversy' was interpreted as any possible separate suit that a litigant might properly bring in a federal

court so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court.

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v Latham, 103 U.S. 205, 212, 26 L.Ed. 514, with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action.' § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose.

"In a suit turning on the meaning of 'cause of action,' this Court announced an accepted description.

Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. This Court said, 274 U.S. at page 321, 47 S.Ct. at page 602:

"'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.'"

In Aetna Ins. Co. v. City of Malden, Mo., D.C.E.D.Mo., 1952, 102 F.Supp. 126, at page 127, the court said:

"The Supreme Court in the Finn case, supra, discussed at length the problem of what constitutes a separate and independent claim. Although the Court never expressly stated what would constitute such a claim, it definitely asserted what would not be a separate and independent claim—'we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' Loc. cit. 341 U.S. at page 14, 71 S.Ct. at page 540.

"The City of Malden has suffered but one injury—its property has been destroyed by fire. The City seeks two forms of redress for that injury—first, recovery of the insurance proceeds involved in the interpleader action, and second, recovery on a negligence theory from the tenant in possession of the premises.

Although these two claims arise out of different transactions, a contract of insurance and actionable negligence, the City seeks recovery for but one invasion of its rights. Under the Finn case ruling we feel bound to hold two claims, while separate, are not independent."

■ The court is not convinced that the claims asserted by the defendants against the third party defendant are separate and independent claims, but in view of the provisions of Sec. 1441(c), supra, the court does not think that it is necessary to determine that question for the reason that the removal statute limits removal on the basis of a separate and independent claim to a situation where there is a joinder of claims by the plaintiff, and does not authorize removal by a third party defendant. Such a construction does not conflict with the holding in Shamrock Oil & Gas Corporation v. Sheets, supra, to the effect that the removal statute should be uniform in its application since the court believes that a *uniform rule limiting removal to a defendant in the case of a joinder of claims by plaintiff* comports with the strict construction of the removal statute given by the court in the Shamrock case, supra.

The question was squarely before the court in Sequoyah Feed & Supply Co. v. Robinson, D.C.W.D.Ark., 1951, 101 F. Supp. 680, at page 682, and in that opinion the court said:

"Concerning the construction to be given 1441(c), Moore, in his Commentary on the U. S. Judicial Code, Sec. 0.03(37), page 252, states: 'In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the plaintiff, we do not believe that any claim introduced into the action

by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal.'

"In view of the approach taken by the Supreme Court, of rejecting a liberal, or 'practical' as called by some courts, construction, and insisting upon a strict construction within 'the precise limits which the statute has defined,' which, in its opinion, is the Congressional purpose as evidenced by the various legislation on the subject, and the intention of the revisors, accepted by the Congress, to further restrict removal by the 1948 revision, the court feels inclined to agree with the construction given by Moore. In doing so, it wishes to point out that it has no desire to deprive any defendant of its right to remove, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases."

See, also, Ingram v. Sterling, D.C.W.D. Ark., 1956, 141 F.Supp. 786; Willingham v. Creswell-Keith, Inc., D.C.W.D.Ark., 1958, 160 F.Supp. 741, 744; Gray v. New Mexico Military Institute, 10 Cir., 1957, 249 F.2d 28; Marshall v. NAVCO, Inc., D.C.S.D.Texas, 1950, 152 F.Supp. 50.

When Sequoyah Feed & Supply Co. v. Robinson was before the court, the case of President and Directors of Manhattan Co. v. Monogram Associates, D.C.E.D. N.Y., 1949, 81 F.Supp. 739, was considered. In the latter case a contrary result was reached, but the court did not discuss the problem in its opinion, and this court did not feel that the decision therein was correct.

In 51 Michigan Law Review 115, both cases were considered and discussed. The Sequoyah case was designated as the

principal case, and at page 117 of the Law Review it is stated:

"It would seem that the court in reaching this result ignored the phrase 'is joined' in Sec. 1441(c), which was interpreted to mean, even before the principal case, joined in the original complaint. Since the right to remove is purely statutory, and since the Supreme Court has declared that courts by interpretation should not defeat the purpose of Congress to limit removal jurisdiction, it would seem likely that the principal case rather than the New York case will be followed, with the result that Sec. 1441(c) will not be construed to include claims other than those contained in the plaintiff's complaint."

Since the third party defendant was not joined as a party by the plaintiffs, the court does not believe that it is entitled to remove the case by virtue of the third party complaint and cross-complaint filed against it by the defendants, and therefore an order is being entered today granting the separate motions of the plaintiffs and the defendants and remanding the case to the Crawford Circuit Court whence it was removed.