**DOWELL DIVISION OF DOW CHEMICAL COMPANY, Plaintiff,**

v.

**L. D. ORMSBY, Ormsby Oil Company, General Oil Field Supply Company and Republic Steel Corporation, Defendants.**

**No. 376.**

United States District Court
E. D. Kentucky,
Jackson.

April 19, 1962.

Richard L. Garnett and Dale Burchett, Glasgow, Ky., for plaintiff.

Howard, Francis & Howard, Prestonsburg, Ky., Henry H. Dickinson, Glasgow, Ky., for defendant L. D. Ormsby.

Doran Perdue, Henderson, Ky., for defendant General Oil Field Supply Co.

Henry D. Stratton and Hobert Clay Johnson, Pikeville, Ky., for defendant Republic Steel Corp.

HIRAM CHURCH FORD, Chief Judge.

This case is submitted upon the motion of Plaintiff, Dowell Division of Dow Chemical Company, to remand the action to the Breathitt Circuit Court, the State Court from which it was removed.

It appears from the record that in June 1961 this action was instituted by Plaintiff in the Breathitt Circuit Court against only the Defendant L. D. Ormsby and Ormsby Oil Company for recovery of $1,256.37, which amount was claimed to be due and owing to the Plaintiff for supplies furnished and services rendered to Defendants at their special instance and request. For lack of requisite amount involved, the original action was not removable. In July 1961 the original Defendant, who appears to be doing business as Ormsby Oil Company, filed a motion in the State Court for an order joining General Oil Field Supply Company and Republic Steel Corporation as "parties defendant in this action" for the alleged reason "that they are necessary

and indispensable parties to a full and complete determination of all the issues between the parties to this cause". The State Court granted the motion and ordered that "General Oil Field Supply Company and Republic Steel Corporation be, and they are hereby made parties defendant in this action" and ordered that summons issue against them. Thereupon the original Defendant L. D. Ormsby filed counterclaim against the original Plaintiff and cross-claim against the Defendants who were added as parties to the action charging that he sustained great damage and loss by the joint wrong-doing of Plaintiff and these newly added parties in the sum of $166,691.50, for which he asserted they were jointly and severally liable to him.

It appears that General Oil Field Supply Company is not before the Court and is not amenable to service of process; and for present purposes it is disregarded, Rule 19b.

Claiming to be a Third Party Defendant, Republic Steel Corporation, as such, filed its petition for removal.

On page 252 of Moore's Commentary upon the change brought about by the enactment of 28 U.S.C.A. § 1441 (June 25, 1948, 62 Stat. 937), in the direction of restricting removal jurisdiction, it is stated:

"In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the *plaintiff*, we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal."

This eminent authority upon the point here presented seems amply sufficient to raise a substantial doubt as to the jurisdiction of this court under this attempted removal procedure. It has frequently been said by the Supreme Court that "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.

Republic Steel Corporation, the petitioner for removal herein, points to no statute which confers the right of removal upon a party against whom the only claim asserted is by cross-claim filed by a co-defendant, and I find none. The duty to "scrupulously confine the jurisdiction of this Court to the precise limits which the statute has defined" requires that the motion to remand this case be granted and that the case be remanded to the Court from which it was removed. Shaver v. Arkansas-Best Freight System, Inc., D.C., 171 F.Supp. 754.

An order will be entered in conformity herewith.