Yvonne CANNON, Plaintiff,

v.

GOODYEAR TIRE & RUBBER COMPANY, General Motors Corporation, (Chevrolet Division) and W. Ray Long, Executor of the Estate of Gordon E. Long, Defendants.

Emma T. CANNON, Administratrix of the Estate of Melvin Cannon, Plaintiff,

v.

GOODYEAR TIRE & RUBBER COMPANY, General Motors Corporation, (Chevrolet Division), and W. Ray Long, Executor of the Estate of Gordon E. Long, Defendants.

Deloris CANNON, by her Guardian ad Litem, Yvonne Cannon, Plaintiff,

v.

GOODYEAR TIRE & RUBBER COMPANY, General Motors Corporation (Chevrolet Division) and W. Ray Long, Executor of the Estate of Gordon E. Long, Defendants.

Civ. A. Nos. AC–1594–AC–1596.

United States District Court
E. D. South Carolina,
Columbia Division.

May 4, 1965.

24

E. Pickens Rish, Lexington, S. C., for plaintiffs.

McKay, McKay, Black & Walker, Nelson, Mullins, Grier & Scarborough, Columbia, S. C., Jones & Barfield, Lexington, S. C., Whaley & McCutchen, Columbia, S. C., for defendants.

HEMPHILL, Chief Judge.

These actions for personal injury and wrongful death were commenced in the Court of Common Pleas of Lexington County in August 1964, naming W. Ray Long, Executor of the Estate of Gordon E. Long, as defendant. Plaintiffs later amended their Complaints to add Goodyear Tire & Rubber Company and General Motors (Chevrolet Division) as defendants. Goodyear Tire & Rubber Company, General Motors, (Chevrolet Division) and W. Ray Long, Executor of the Estate of Gordon E. Long were made defendants in each of these actions. Each Amended Complaint against these defendants alleged that the damage sustained was the result of the joint and concurrent negligence of the defendants. In November, 1964, the defendant Long served his Answers to the plaintiffs' Complaints on the defendants Goodyear Tire & Rubber Company and General Motors Corporation (Chevrolet Division) and included therein cross-actions against the co-defendants seeking damages for the wrongful death of Gordon E. Long. In due time the defendants Goodyear and General Motors petitioned removal of the case to the United States District Court for the Eastern District of South Carolina. The Cannon actions against Long's Estate allege negligence in the operation of an automobile, and the actions by Long's Executor and by Cannon allege McPherson v. Buick Motor Co. type liability against General Motors and Goodyear.

These actions are now before the Court upon Motion of the plaintiffs and of the defendant Long to remand to the state court. It is clear that the action, as originally brought, was not one which could be removed as there was no complete diversity between the parties plain-

tiff and the parties defendant. Title 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435. Goodyear and General Motors seek to sustain the removal jurisdiction of this Court on the basis of 28 U.S.C. § 1441 (c), which provides that whenever a "separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more other non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is well settled that 28 U.S.C. § 1441(c) was intended to restrict the removability of cases. American Fire and Casualty Company v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702. See the excellent annotation in 19 A.L.R.2d 748. A study of the original Complaints and the cross-complaints in these actions shows that the cross-complaints contain almost identical allegations of negligence as are contained in the original complaints. Therefore, it is clear that the cross-action is not a "separate and independent claim or cause of action" within the contemplation of the statute. The same issues are presented in both cases, they are interwoven.

Section 1441(c) is not applicable to the situation presented here. The defendants Goodyear and General Motors in their argument overlook the words "is joined" contained in the statute. The application of 1441(c) is restricted to situations where the plaintiff joins two or more claims, one of which will qualify as a separate and independent claim and does not apply to a claim introduced into the action by means of a cross-claim. Therefore 1441(c) only allows removal of a separate and independent claim which is joined with one or more non-removable claims by the plaintiff.

Moore, in his commentary on the United States Judicial Code, Sec. 0.03 (37) at page 252, concerning the construction to be given 1441(c) states:

"In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in a case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the plaintiff, we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal."

This statement by Moore has received judicial approval in many cases, including Sequoyah Feed and Supply Company, Inc. v. Robinson, 101 F.Supp. 680, 682 (W.D.Ark.1951); Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754, 762 (W.D.Ark.1959) and Dowell Division of Dow Chemical Co. v. Ornsby, 204 F.Supp. 38 (E.D.Ky.1962). See also 1 Barron & Holtzoff (Wright Ed.) § 105.

Even if it were admitted that the cross-action was a separate and independent claim or cause of action, this still would not make this case one which is removable. See Sequoyah Feed and Supply Company, Inc. v. Robinson, supra; and Sexton v. Allday, 221 F.Supp. 169 (E.D.Ark.1963).

It has been pointed out to the Court that there are cases with similar facts with results contrary to those cited above. See Industrial Lithographic Co., Inc. v. Mendelsohn, 119 F.Supp. 284 (D. N.J.1954); and President and Directors of Manhattan Co. v. Monogram Associates, 81 F.Supp. 739 (E.D.N.Y.1949). This divergence of respectable authority does not make decision easy, but this Court must be guided by what it ascertains to be the "greater justice," particularly when there is no specific direction from the Circuit Court of Appeals or the Supreme Court. The "greater justice" lies in the avoidance of piecemeal disposition of litigation. As Judge Clark pointed out in Deveny v. Rheem Mfg. Co.,

319 F.2d 124, 130 (2nd Cir. 1963): "Results which are consonant with justice are not always to be reached by a mere counting of noses, judicial or otherwise, although it does give us comfort to realize that we are not alone in holding on this issue." To this, this Court can only add "Amen."

For the foregoing reasons, it is hereby ordered that these actions be remanded to the Court of Common Pleas for Lexington County, South Carolina.

And it is so ordered.