**Frank M. BRIXEY and Lyda M. Brixey, Plaintiffs,**

v.

**UNION OIL COMPANY OF CALIFORNIA (Successor to the Pure Oil Corp.), Defendant,**

**Gulf Oil Corporation, Intervenor.**

**Civ. A. No. 2098.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Nov. 8, 1967.

Sam Sexton, Jr., Fort Smith, Ark., Karl D. Glass, Booneville, Ark., Wayland Parker, Greenwood, Ark., for plaintiffs.

Warner, Warner, Ragon & Smith, Fort Smith, Ark., Vinson, Elkins, Weems & Searls, Houston, Tex., for defendant, Union Oil Co. of Cal.

Hardin, Barton, Hardin & Jesson, Ft. Smith, Ark., Roger K. Allen, Oklahoma City, Okl., for intervenor, Gulf Oil Corp.

## OPINION

JOHN E. MILLER, Senior District Judge.

The original complaint in this action was filed in the Chancery Court of Logan County, Southern District, on October 29, 1966. The complaint sought to have canceled a certain oil and gas lease agreement entered into between the plaintiffs as lessors and the defendant, The Pure Oil Corporation, as lessee. No "amount in controversy" was alleged in the complaint.

On November 18, 1966, the defendant, Union Oil Company of California (hereinafter referred to as Union), which had previously merged with and acquired The Pure Oil Corporation, filed its answer to the complaint, but did not file a petition for removal.

On June 30, 1967, the action was dismissed without prejudice upon motion of plaintiffs' attorney of record, but the order of dismissal was vacated and set aside on July 31, 1967.

On August 9, 1967, Gulf Oil Corporation filed its motion to intervene, which motion was granted on the same date. The motion did not pray for any money damages or other relief, but was, rather, drafted in the form of an answer, alleging, inter alia, that the intervenor had acquired the right to drill on the property by virtue of a "farm-out agreement" entered into between Union and Gulf, and that the original lease agreement between the Brixeys and Union is valid. The intervention then prayed that the Brixeys' complaint be dismissed.

On September 15, 1967, plaintiffs filed their amended complaint against Union, seeking $79,440.00 in damages in addition to the cancellation previously prayed for. Also, on this date the plaintiffs filed their answer and counterclaim to the intervention of Gulf, seeking from Gulf damages in the amount of $39,720.00.

On September 26, 1967, upon the joint petition of Union and Gulf, the cause was removed to this court. The plaintiffs' motion to remand was filed on October 5, 1967.

In support of their motion to remand, the plaintiffs cite Sequoyah Feed & Supply Co. v. Robinson (W.D.Ark. 1951) 101 F.Supp. 680. The court is thoroughly familiar with the Sequoyah holding and with several later cases which cite Sequoyah with approval, including Shaver v. Arkansas Best Freight (W.D.Ark.1959) 171 F.Supp. 754. The import of these decisions is, as stated by plaintiffs in their brief, that claims introduced into an action by counter-

claim, cross-claim, third-party claim, intervention, or garnishment do not afford a basis for removal. The court is of the opinion that these cases correctly state the law and, when applicable, are controlling.

The issue here, however, is quite unlike that in Sequoyah or Shaver. Here the plaintiffs sued Union for less than the jurisdictional amount; Gulf intervened; and then the plaintiffs amended their complaint against Union, the defendant, in which they seek to recover from Union the sum of $79,440.00. The plaintiffs also "counterclaimed" against Gulf, the intervenor, for $39,720.00. Both Union and Gulf then petitioned for removal.

The law with respect to removal after amended pleadings is set forth in 28 U.S.C.A. § 1446(b), which states:

> "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Therefore, when the complaint was amended praying for more than $10,000.00, Union, being a citizen of a state other than Arkansas, could remove, and the fact that an intervenor, likewise not a citizen of Arkansas, has entered the action and joined in the removal does not vitiate the right of the original defendant to remove the entire cause. Also, as the intervenor derives any rights which it may have from the defendant, the controversy is actually one between the Brixeys, citizens of Arkansas, on the one hand and Union and Gulf, nonresident citizens, as co-defendants on the other, and the amount in controversy is in excess of $10,000, the jurisdictional amount.

Therefore, the case was properly removed, and an order denying and overruling the motion to remand is being entered today.