FOUNTAIN PARK COOPERATIVE, INC., Plaintiff,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Defendants.

COMPTROLLER OF the STATE OF NEW YORK as Trustee of the New York State Employees' Retirement System, Cross-Claimant and Third-Party Plaintiff,

v.

FOUNTAIN PARK COOPERATIVE, INC., a corporation; Bank of America National Trust and Savings Association, a corporation; Union Bank, a corporation; Secretary of Housing and Urban Development of the United States of America as Director of the Federal Housing Administration; United States of America; Pacific Plaza, a limited partnership (Al Yarbrow, David Leavin and Thomas E. Garcin, General Partners), Cross-Claim Defendants,

and

National Automobile and Casualty Insurance Co., a corporation, Continental American Property Management Corporation, a corporation, and Edwin B. Silverstrom, Third-Party Defendants.

Civ. No. 68–552.

United States District Court
C. D. California.

Aug. 20, 1968.

case to authorize the rejection of a labor contract. See also In re Mamie Conti Gowns, Inc., S.D.N.Y., 12 F.Supp. 478.

Lawrence R. Resnick, Fulop, Rolston & Burns, Beverly Hills, Cal., for plaintiff.

Thomas H. Coleman, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

Allan E. Cone, Friedman & Cone, Beverly Hills, Cal., for defendant Continental American Property and Edwin B. Silverstrom.

Henry Friedman, Beverly Hills, Cal., for defendant Allan Cone.

Ullar Vitsut, Los Angeles, Cal., for defendant Bank of America.

Lawrence T. Lydick, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendant James S. Cline.

Thomas E. Garcin, Sherman Oaks, Cal., for defendant Pacific Plaza.

Dennis F. Donovan, Ernest S. Gould, Los Angeles, Cal., for defendant Union Bank.

James S. Cline, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendant New York State Employees Retirement System.

## ORDER REMANDING ACTION IN ENTIRETY TO STATE COURT

IRVING HILL, District Judge.

The instant action was begun in the California State Superior Court. It was removed to this Court under a petition for removal of the U. S. Secretary of Housing and Urban Development (hereinafter called "Secretary"), filed April 5, 1968. On July 1, 1968 this Court, on its own motion, filed an Order to Show Cause requiring the removing party to show cause why the action should not be remanded in whole or in part to the state court and requiring all other parties to state their position with respect to such possible remand. The Secretary, appearing through the United States Attorney,[1] opposes remand of the case in

---

1. The Court notes for the record that, by stipulation of the parties involved, the United States has been dismissed as a party to the action.

whole or in part. Some other parties also seek retention of the entire action in this Court. Some other parties seek total or partial remand of the action.

The entire matter came on for hearing in Courtroom 11 of the United States District Court before the Honorable Irving Hill, Judge, on August 12, 1968, at 11:00 A.M. The various appearances were as follows: Lawrence R. Resnick, Esq. for Plaintiff; Thomas H. Coleman, Assistant U. S. Attorney, for the Secretary; Allan E. Cone, Esq. for Defendant, Continental American Property and for Defendant, Edwin B. Silverstrom; Ullar Vitsut, Esq. for Defendant, Bank of America; Lawrence T. Lydick, Esq. for Defendant, James S. Cline; Thomas E. Garcin, Esq. for Defendant, Pacific Plaza; Ernest Gould, Esq. for Defendant, Union Bank; James S. Cline, Esq. for Defendant, New York State Employees Retirement System; and Henry Friedman, Esq. for Defendant, Allan Cone.

The Court having considered all of the documents in the instant file and particularly those filed in response to its Order to Show Cause, and having afforded the opportunity of oral argument to all of the parties, and having heard oral argument from the parties desiring to be heard, it appears to the Court as follows:

A. The original action in the state court was brought by a California corporation against a number of defendants. Total diversity between the Plaintiff and said Defendants was lacking. No federal questions are involved in the original action and no federal rights are asserted therein. No federal officer or agency is a party to the original action. The original action is basically one for money had and received. Its nature is more particularly set forth in paragraph C infra.

B. Various of the original Defendants filed counterclaims and/or cross-complaints in the original action. On February 5, 1968, James S. Cline, one of the original Defendants, filed a cross-complaint naming many cross-defendants, including the "Secretary of Housing and Urban Development of the United States of America as Director of the Federal Housing Administration". The said cross-complaint of Cline is the pleading which resulted in removal of the action to this Court. Cline's said cross-complaint is in interpleader. Cline states therein that he and Allan Cone, also an original Defendant, have $26,-832.49 in their possession, deposited in a special savings and loan account, which does not belong to either of them and to which each of the Cross-Defendants may have some type of claim. He seeks the usual relief sought by an interpleader, i. e. the authority to deposit the money with the Clerk of the Court so that the claimants to the money, named as Cross-Defendants, may litigate among themselves who is entitled thereto.

C. The basis of the Secretary's claim to the money is set forth in a document entitled "Statement by United States and Secretary Concerning Position of Remand and Basis of Claim" filed in this Court July 23, 1968. From said document and other documents in the file, it appears that the essential controversy in the case arises from the fact that the original Plaintiff, Fountain Park Cooperative, Inc., an apartment house project, appointed Edwin B. Silverstrom and Continental American Property Management Corp., both original Defendants, to manage its property and collect its rents. Apparently they were also similarly appointed by another apartment house project, Pacific Plaza. Fountain Park charges that they collected and misapplied $69,000 of its money which is owed to it. Pacific Plaza contends that they also collected some of its money and intermingled it with the money of Fountain Park. Thus, both apartment house projects, and those claiming under each, are claimants of the money collected by the said Silverstrom and Continental American Property Management Corp. and the $26,832.49 in the possession of Cline and Cone is part of the money so collected.

D. The Secretary seems to have no direct claim to the money. Pacific Plaza had made a trust deed note which was held by the New York State Employees Retirement System (hereinafter called "System"). Apparently that note went into default and System bought in the property at a trust deed sale. The note was guaranteed by the Secretary, as head of the Federal Housing Administration, and System called on the Secretary for performance of its guaranty. The Secretary apparently performed the guaranty (or is ready to do so) and says he is entitled to whatever portion of the interpleaded money may be the property of Pacific Plaza. Thus the Secretary admittedly has only such right to the moneys in question as it may have derived from System and Pacific Plaza.

## DISCUSSION OF APPLICABLE LAW

[1] 1. Removal statutes should be strictly construed (Shamrock Oil and Gas Corp. v. Sheets, et al., 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)) and all doubts should be resolved in favor of remand. Breymann, et al. v. Pennsylvania, O. & D. R. Co. et al., 38 F.2d 209 (6th Cir.1930).

▇▇▇ 2. The Secretary justifies his removal of the case under 28 U.S.C. §§ 1441(a) and 1442(a) (1). Neither section supports or justifies the instant removal. The two sections will be discussed separately infra. 28 U.S.C. § 1441(c) as a possible basis for remand will also be considered.

(a) Section 1441(a).

This section provides for the removability by defendants of civil actions brought in the state court "* * * of which the district courts * * * have original jurisdiction." The section applies only to cases in which the original action could have been brought in the United States District Court. If the original action was one in which federal jurisdiction was lacking, § 1441(a) is not made applicable solely because a third-party complaint is later filed in the action which could have been filed

in this court if filed as a separate case. Manternach v. Jones County Farm Service Co., 156 F.Supp. 574 (N.D.Iowa 1957). It cannot be denied that Cline's third-party complaint in interpleader could have been filed in this court if it were filed as an original complaint. Federal interpleader jurisdiction extends to any case where one or more of the claimants are citizens of a different state from that of Plaintiff. But as above stated, that fact does not help the Secretary. The Secretary cites no authority for his contention that § 1441(a) applies and that contention must be rejected.

(b) Section 1441(c).

The Secretary does not cite or rely upon 28 U.S.C. § 1441(c). But since the case has been brought to this court, I have also considered whether its removal here could be justified under § 1441(c). That section permits the removal to this court of a whole action which contains "a separate and independent claim or cause of action which would be removable if sued upon alone * * *" Many courts have considered the effect of third-party complaints under § 1441(c). The contention is often made that § 1441(c) applies to cases in which no part of the original complaint could have been the basis for federal jurisdiction if a third-party complaint is of the type which could have been originally brought here. Although the decisions are not uniform, the better-reasoned cases hold that § 1441(c) refers only to a separable part of an original complaint and not to a third-party complaint. Among the cases so holding are: Sequoyah Feed and Supply Co., Inc. v. Robinson, et al., 101 F.Supp. 680 (W.D.Ark.1951); Shaver, et al. v. Arkansas-Best Freight System, Inc., et al., 171 F.Supp. 754 (W.D.Ark.1959); Cannon v. Goodyear Tire and Rubber Co., 241 F.Supp. 23 (E.D.S.C.1965); Dowell Division of Dow Chemical Co. v. Ormsby, 204 F.Supp. 38 (E.D.Ky.1962); Brixey v.

Union Oil Co. of Calif., 275 F.Supp. 290 (W.D.Ark.1967). See also 51 Mich.L.Rev. 115 (1952) and the illuminating discussion in 1A Moore's Federal Practice (2d Ed. 1964), pp. 1052–3. I have determined to follow the above-cited authorities and I hold that § 1441(c) has no application to the instant case and does not justify the instant removal.

(c) Section 1442(a) (1).

Section 1442(a) (1) provides for the "removal of a civil action or criminal prosecution *commenced* in a state court against * * *

> (1) any officer of the United States or any agency thereof * * * for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminal or the collection of the revenue."

The Secretary does not contend that he falls within the second portion of (1) above, i. e. that he is being sued "on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue". Thus if he is aided by § 1442(a) the action must be found to be against him as an "officer of the United States or any agency thereof" for an "act under color of such office" and the action must be found to be one "commenced" in the state court against him.

This Court has real doubt as to whether the instant action can be deemed to be one "commenced" in a state court against the Secretary. No authority has been found which interprets the word "commenced". So the decision to remand will not rest on that ground. The remaining discussion assumes, *arguendo*, that the instant action is one "commenced" against the Secretary within the meaning of the statute.

■ Section 1442(a) goes back to 1875. In the intervening years the classes of federal officers to whom it applies have been enlarged. But its purpose has remained constant. Its purpose is to permit the removal of cases where federal officers are threatened with personal civil liability or criminal liability because of actions taken in pursuance of their federal duties. Removing such cases was authorized because of the necessity of national supremacy and the need for protecting federal officers in such situations, which Congress believed could best be done in the federal courts. The statute should be restricted to such cases. For a discussion of the purposes and limitations of the statute see State of New Jersey v. Moriarity 268 F.Supp. 546, 555 (D.N.J.1967) and authorities there cited.

■ The instant case is not of the type embraced in the statute. It is not a case "against" the Secretary. It is certainly not a case against him in the sense that he is threatened with personal civil liability. It is an *in rem* type of proceeding in which the court is made the custodian of moneys and determines adverse claims thereto. In this particular case the Secretary's claim to the money is even a derivative one, derived from a nonfederal entity, System. There is certainly no national or public policy which requires the federal court to supplant the state court for the adjudication of claims to this money. There is no reason to believe the Secretary's derivative claim will not be fully and fairly recognized and enforced, if entitled to enforcement, in the state court. State of New Jersey v. Moriarity, supra, is authority that § 1442(a) does not apply to situations where the state court is acting *in rem* to adjudicate adverse claims to money in its control with a federal officer being one of the claimants. See also Ford Motor Co. v. Automobile Ins. Co., 13 F.2d 415, 417 (E.D. Mich.1926) in which the Court said that the section may be invoked only where federal officers are sought to be held for their "official acts" and is not applicable where federal officers are asserting

"mere claims of title and other legal rights."

It is therefore ordered as follows:

1. The entire action shall forthwith be remanded to the state court from which it was removed.

2. Any motions filed in this Court shall be re-noticed in the state court before the appropriate department thereof. However, documents filed in support of any such motion will be deemed filed in the state court so that re-drafting and refiling of such motion papers will not be required.