**MID–STATE HOMES, INC., a corporation, Plaintiff,**

v.

**Buerl SWAIN and Barbara Swain, husband and wife, Defendants,**

v.

**JIM WALTER CORPORATION, a corporation, Third-Party Defendant.**

**No. 71–439 Civ.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 31, 1971.

338

Lawrence A. Johnson, Robert J. Woolsey, Tulsa, Okl., for plaintiff and third-party defendant.

Nancy Batchelor, Oklahoma City, Okl., for defendants.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

The Plaintiff Mid-State Homes, Inc. (Mid-State) sued Defendants Swain in State Court seeking foreclosure of a mortgage which Plaintiff held on the Swains' home. Defendants Swain in the State case Cross-Petitioned against Plaintiff and Jim Walter Corporation, requesting that Jim Walter Corporation be made a party defendant in the case. The State Court so ordered.

Jim Walter Corporation timely filed its Petition for Removal claiming as the bases of its right of removal, (1) that the Federal Court had original jurisdiction of the action against it which was removable and (2) the presence of a separate and independent claim in the action stated by the Defendants Swain against it which was removable. Defendants Swain have moved to remand the case to the State Court asserting that the Court did not have original jurisdiction of the claim against Jim Walter Corporation and furthermore that Jim Walter Corporation is not a proper party to remove the case from the State Court.

■ As to the claim of original jurisdiction the same is not present in this Court under 28 U.S.C. 1331(a) and removable under 28 U.S.C. 1441 as a Federal question is not involved nor claimed. As to 28 U.S.C. 1332(a) there is diversity of citizenship and the jurisdictional amount present in Defendants' Cross-Petition against Jim Walter Corporation and the Plaintiff. But, the Court does not look to the Cross-Petition[1] of Defendants against Jim Walter Corporation and the Plaintiff to determine original jurisdiction under 28 U.S.C. 1441(a). In a removed case under this Statute the Court looks to the Plaintiff's civil action brought in the State Court.[2] This Court did not have original jurisdiction of the civil action or claim of the Plaintiff against the Defendants for the reason that the jurisdictional amount was not present, the Plaintiff asking for judgment only for the total sum of $4,155.96. The amount involved in the claims of Defendants against Jim Walter Corporation and the Plaintiff in the Cross-Petition cannot be looked to or added for the purpose of ascertaining original jurisdiction under 28 U.S.C. 1332(a) and removal under 28 U.S.C. 1441(a). 1 Federal Practice & Procedure (Wright Ed.) § 104, p. 487. It is therefore quite clear that this Court did

1. This pleading is denominated a Cross-Petition. For our purposes it is a counterclaim against the Plaintiff and a cross-claim or third party claim against Jim Walter Corporation, the added party.

2. In a removed case where the Court is called upon to determine the existence of a separate and independent controversy under 28 U.S.C.A. § 1441(c), the Court may look only to the allegations of the State Court plaintiff's petition or complaint by which the action was initiated. Gray v. New Mexico Military Institute, 249 F.2d 28 (Tenth Cir. 1957); Preas v. Phebus, 195 F.2d 61 (Tenth Cir. 1952); Endicott v. Phillips Petroleum Company, 172 F.2d 372 (Tenth Cir. 1949); State ex rel. Williams v. Neustadt, 149 F.2d 143 (Tenth Cir. 1945). This doctrine applies in the case of a separate claim or cause of

action introduced into the case by a cross-claim, Cannon v. Goodyear Tire & Rubber Co., 241 F.Supp. 23 (S.C.1965), or a third party claim, Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (Ill.1967). With respect to 28 U.S.C.A. § 1441(b), the jurisdictional requirement of existence of a federal question is determined solely from the face of the complaint filed in the State Court. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Crow v. Wyoming Timber Products Co., 424 F.2d 93 (Tenth Cir. 1970). The Court is unable to find any case which has applied this doctrine to 28 U.S.C.A. § 1441(a), nor any case to the contrary. Yet, there does not occur to the Court any reason why this part of the removal statute should be treated any differently from the other parts.

not have original jurisdiction in this case as the same was brought by the Plaintiff against the Defendants.

 As to removal under 28 U.S.C. 1441(c) on the basis that the Cross-Petition against Jim Walter Corporation is a separate and independent claim or cause of action from that of the Plaintiff against the Defendants, a diversity of citizenship and the jurisdictional amount do exist but, it is generally held that neither a third party defendant nor a cross-defendant may remove. The reason usually given is that the claim is not one that has been "joined" by the original Plaintiff, such being the requirement of 28 U.S.C.A. 1441(c) which is to be strictly construed.[3] Dowell Division of Dow Chemical Co. v. Ormsby, 204 F. Supp. 38 (D.C.Ky.1962);[4] Parks v. Physicians & Surgeons Building Corporation, 324 F.Supp. 883 (W.D.Okl. 1971); Brumfield v. Stuck, 298 F.Supp. 380 (W.D.Okl.1969); Shaver v. Arkansas-Best Freight System, Inc., 171 F. Supp. 754 (W.D.Ark.1959); Verschell v. Fireman's Fund Ins. Co., 257 F.Supp. 153 (D.C.N.Y.1966); Cannon v. Goodyear Tire & Rubber Company, 241 F. Supp 23 (E.D.S.C.1965); Sexton v. Allday, 221 F.Supp. 169 (D.C.Ark.1963); Hyde v. Carder, 310 F.Supp. 1340 (D.C. Ky.1970); Fountain Park Co-Op Inc. v. Bank of America, 289 F.Supp. 150 (D.C. Cal.1961); Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (Ill.1967); Contra, Wayrynen Funeral Home, Inc. v. J. G. Link & Co., 279 F.Supp. 803 (D.C.Mont. 1968); Myers v. Cain, 287 F.Supp. 352 (D.C.Mont.1968).

The Motion to Remand of the Defendants Swain is granted and this case is remanded to the District Court of Oklahoma County, Oklahoma from which it was improvidently removed. The Clerk of the Court will take the necessary action to effect such remand.

3. Moreover, there must be a separate and independent claim or cause of action against Jim Walter Corporation by the Defendants. It is unnecessary to make this determination because the Cross-Claim was not joined by the Plaintiff. However, the claim of Plaintiff and the Cross-Claim of Defendants appear to arise out of the same transaction or related series of transactions and are therefore not separate and independent. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, 19 A.L.R.2d 738 (1951).

4. This case is factually identical with the case at bar. Plaintiff's State case lacked jurisdictional amount. The Defendant received State Court permission to join additional parties. Then the Defendant filed a counterclaim against the Plaintiff and cross-claim against the added Defendants. An added Defendant sought removal. Diversity and jurisdictional amount were present in the counterclaim and cross-claim. The Court remanded saying:

"On page 252 of Moore's Commentary upon the change brought about by the enactment of 28 U.S.C.A. § 1441 (June 25, 1948, 62 Stat. 937), in the direction of restricting removal jurisdiction, it is stated:

'In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the plaintiff, we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal.'

This eminent authority upon the point here presented seems amply sufficient to raise a substantial doubt as to the jurisdiction of this court under this attempted removal procedure. It has frequently been said by the Supreme Court that 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214." 204 F.Supp. at p. 39.