**UNITED FOUNDERS LIFE INSUR-ANCE COMPANY OF ILLINOIS, an Illinois corporation, Plaintiff,**

v.

**BLACKHAWK HOLDING CORPORA-TION, an Illinois corporation, et al., Defendants.**

**No. 71–C–676.**

United States District Court, E. D. Wisconsin.

March 9, 1972.

Korf, Pfeil & Graves, by John P. Graves, Jr., Elkhorn, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., Mitchell, Russell & Kelly, by William H. Kelly, Jr., George J. Haddad, Chicago, Ill., and John M. Roncone, Springfield, Ill., of counsel, for Blackhawk.

Lehman & Seymour, by Paul E. Kremer, Milton and Lieberman, Elkhorn, Wis., for other defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was begun in a state court and was removed to this court upon the petition of the defendant Blackhawk Holding Corp. ("Blackhawk"), pursuant to 28 U.S.C. § 1441; the other litigants have now moved that the case be remanded to the state court.

The complaint alleges that Blackhawk gave the plaintiff a mortgage on certain real estate in Walworth County, Wisconsin, to secure the payment of a note in the amount of $100,000. The complaint also alleges that Blackhawk subsequently gave the defendants L. G. Milton and Fred Lieberman a second mortgage on the same Walworth County property in the amount of $250,000. The plaintiff avers that Blackhawk is in default in its payments on the notes secured by the first mortgage, and it seeks foreclosure and sale of the mortgaged premises.

Shortly after the complaint was filed in the state court, and before the action was removed to this court, the defendants Milton and Lieberman filed a cross-complaint against Blackhawk; the cross-complaint seeks a determination of the amount owed the cross-complainants by Blackhawk and payment to them of any sums that remain after the plaintiff's claims first are satisfied.

Both the plaintiff and Blackhawk are Illinois corporations, and the defendants Milton and Lieberman are citizens of Ohio. However, in its petition for removal, Blackhawk asserted that this court has diversity jurisdiction over the removed action because Blackhawk "has no defense to the complaint and there are no issues between . . . [it] . . . and United Founders Life Insurance Company . . . ." Diversity of citizenship exists with respect to the parties to the cross-action, Blackhawk contends, and if any dispute exists between it and the plaintiff, such dispute

can be severed and remanded to the state court, pursuant to 28 U.S.C. § 1441(c). The plaintiff and the defendants Milton and Lieberman have moved to remand; in addition, the plaintiffs seeks, in the alternative, severance of its original action from the controversy among the defendants.

The issue before this court is whether, in the absence of diversity of citizenship between a plaintiff and one or more defendants, a cross-claim involving defendants among whom there is diversity can provide a basis for removal. "Since all defendants must ordinarily join in the removal petition, a cross-claim defendant seeking to remove under the general removal statute must do so, if at all, under § 1441(c), on the basis of a separate and independent claim." 1A Moore's Federal Practice ¶ 0.167 [9], at 1046 (1965).

Section 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not within its original jurisdiction."

 In my opinion, a cross-claim is not a "separate and independent claim or cause of action" within the meaning of § 1441(c). In Verschell v. Fireman's Fund Ins. Co., 257 F.Supp. 153, 154 (S.D. N.Y.1966), the court stated:

". . . the joinder of claims to which 28 U.S.C. § 1441(c) refers is solely the joinder in the complaint by the *plaintiff*. The principle is that if plaintiff has not joined 'a separate and independent claim' *by him* which is removable, then no defendant in any cross-claim thereafter filed has any right of removal."

See also Cannon v. Goodyear Tire & Rubber Co., 241 F.Supp. 23, 25 (E.D.S.C. 1965); Sequoyah Feed & Supply Co., Inc. v. Robinson, 101 F.Supp. 680, 682 (W.D.Ark.1951); cf. Joint School Dist. No. 1 v. Jos. P. Jansen Co., Inc., 324 F. Supp. 1399 (E.D.Wis.1971).

As originally brought, the present action was not one which was properly removable because complete diversity between the plaintiff and the defendants was lacking. My conclusion that the cross-claim does not provide a basis for removal under § 1441(c) means that the motions of the plaintiff and the defendants Milton and Lieberman must be granted; § 1441(c) was intended to restrict the removability of cases, and "the removal statute may properly be construed strictly and against jurisdiction." Cannon v. Goodyear Tire & Rubber Co., supra, 241 F.Supp., at 25; 1A Moore's Federal Practice, supra, at 1047.