BISSELL *v.* CANADA & ST. L. RY. Co. *et al.*

*(Circuit Court, D. Indiana.* May 31, 1889.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

> To an action against a railroad company by one asserting an indebtedness claimed to be a first lien on the defendant's track, a mechanic's lien claimant and the mortgagee of the company were made parties. The mechanic's lien claimant filed a cross-petition, asserting his lien, to which the mortgagee was made a party. The mortgagee, in his petition for removal, claimed that his lien was prior to each of the lien claimants, and that the mechanic's lien claimant was estopped to assert a lien superior to that of the mortgage. *Held,* that the controversy presented was simply the question of priority of liens, and that the petition failed to show a separable controversy between the mortgagee and either of the lien claimants, which could be determined without the presence of the railroad company.

On Motion to Remand.

*Turner, McClure & Ralston, A. C. Harris,* and *H. A. Gardner,* for petitioner.

*T. M. Marquette, Thos. C. Windes,* and *Baker & Baker,* for Fitzgerald.

*Wilson & Davis,* for Bissell.

WOODS, J. Briefly stated the case is this: Bissell, by the original bill, asserts an indebtedness of the railroad company to him, and upon the facts stated claims a first lien upon a part of the track of the defendant company's road. Fitzgerald, one of the defendants to that bill, by cross-bill asserts an indebtedness of the railroad company to him for work done and materials furnished in the construction of the road, and claims a statutory lien in the nature of a mechanic's lien. The petitioner, the Farmers' Loan & Trust Company of New York, is made a defendant in both bills, and in the petition for removal claims a lien by mortgage upon the road, which it asserts to be prior to the rights of Bissell and of Fitzgerald, respectively, and particularly alleges an estoppel against Fitzgerald to assert any claim inconsistent with or superior to the mortgage; and so claims that it has a separable controversy in the case, with Fitzgerald, who is a citizen of Nebraska, and also with Bissell, who is a citizen of Indiana. In respect to this subject the present statute is the same as that of 1875, and I think the motion to remand must be sustained. Aside from the question of separable controversy, the original bill affords no ground for the assertion of jurisdiction here, because the demand and prayer for relief are for less than $2,000; and, if it be conceded that the right of removal may arise under a cross-bill,—a proposition disputed by counsel in argument,—the petition, in my judgment, fails to show that the petitioner has a controversy with either Bissell or Fitzgerald which could be heard and determined without the presence as a party of its co-respondent, the railroad company, or of the receiver of that company. The controversy here claimed to be separable is simply a question of priority of liens, and is determinable as an incident to the issues tendered by the bill and cross-bill,—each involving and proposing as the subject-matter of controversy the question of the existence,

character, and amount of the indebtedness and lien sought to be established. To such a bill the alleged debtor is a necessary party, and complete relief thereon cannot be administered without the presence of junior lienholders and of all who assert conflicting or inconsistent rights; and, if there are questions of priority between defendants, or between any defendant and the complainant, they are determinable as incidents to the principal controversy, but not, as it seems to me, in a separate action between the lienholders, without the presence of the debtor. I suppose it to be unknown to practice, and not permissible, that lienholders, whose claims remain unadjudicated as against the debtor, shall bring one another into court, in an action to which the debtor is not made a party, merely to settle a question of priority; and, this being so, it cannot well be contended that, all the parties being in court under a bill to establish and enforce the complainant's lien, one of the defendants can claim to have in such action a separable controversy in respect to that which he could not have litigated in an independent action. If, as in the *Removal Cases*, 100 U. S. 469, the questions between Bissell and Fitzgerald, and between each of them and the railroad company, had been fully determined before the trust company was served with process or had appeared to the action, the case would be held, as that was, to be removable; but the material facts here are entirely different. Nothing has been adjudged here between any of the parties, while there, the rights of the complainant against the debtor company having been completely determined before the petitioner for removal was made party, the court treated the debtor company as having become a nominal party only, and held the entire remaining controversy to be one between citizens of different states, and accordingly removable under the first clause of the section, and reserved consideration of the second clause (in respect to separable controversies) "until the case requiring it" should arise. There having been an actual separation of the question of priority between lienholders or claimants from the principal cause of action, the question of separability was not up. See *Ayres* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90.

The decision in *City of Galesburg* v. *Water Co.*, 27 Fed. Rep. 321, seems to support the assertion of jurisdiction in this court; but, as appears from the opinion, that ruling was predicated upon the proposition "that the holders of the bonds (or their trustee) may have another and different answer in this litigation to the original bill from that which could be put in or relied upon by the water company,"—the co-respondent of the petitioner in the case; and it has become now well settled "that separate defenses do not create separate controversies within the removal act." *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Fidelity Ins. Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733. The last-named case was upon a creditors' bill to enforce payment of a judgment. The Fidelity Company was made defendant, and sought, as does the petitioner here, to remove the case into the federal court; and on the question of separability the court says:

"The judgment sought against the Fidelity Company is incident to the main purpose of the suit, and the fact that this incident relates alone to this com-

pany does not separate this part of the controversy from the rest of the action. What Huntington wants is not partial relief * * * against the Fidelity Company alone, but a complete decree, which will give him a sale of the entire property, free of all incumbrances, and a division of the proceeds as the adjusted equities of each and all the parties shall require. The answer of this company shows the questions that will arise under this branch of the one controversy, but it does not create another controversy. The remedy which Huntington seeks requires the presence of all the defendants, and the settlement not of one only, but of all, the branches of the case."

The language here used—and the like may perhaps be found in other cases—seems to imply that the presence on the same side with the petitioner of any party necessary to the granting of the complete relief sought by the opposite party will defeat a removal under the second clause of the statute; but this, as I suppose, is so only when the alleged separable controversy is determinable, and, in order to the granting of complete relief to the complainant, must be determined as an incident to the principal action. In *Ayres* v. *Wiswall*, *supra*, it is said:

"The rule is now well established that this clause in the section refers only to suits where there exists a separate and distinct cause of action, on which a separate and distinct suit might have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the cause must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." *Fraser* v. *Jennison*, 106 U. S. 194, 1 Sup. Ct. Rep. 171.

It is evident that neither Bissell nor Fitzgerald has any separate and distinct cause of action which he might prosecute to complete or even partial relief against the petitioner; and it is equally clear that the petitioner has no cause of action which he can maintain against Bissell or Fitzgerald without the presence as a party of the railway company, or of its representative in the person of the receiver appointed by the Elkhart circuit court, from which removal is sought. Other questions discussed need not be considered. Cause remanded.