GATES IRON WORKS v. JAMES E. PEPPER & CO. et al.

(Circuit Court, D. Kentucky.   November 13, 1899.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP.

A cause is not removable by a defendant on the ground of diversity of citizenship alone where some of his co-defendants, who are interested adversely to each other in some of the questions involved, are citizens of the same state.[1]

2. SAME—SEPARABLE CONTROVERSY—REQUISITES OF PETITION.

A petition by one of several defendants for removal on the ground of separable controversy should of itself distinctly show and point out the separable controversy, name the parties to it, and state all the grounds upon which the petitioner relies; and it should also show that such controversy involves the requisite jurisdictional amount.[2]

3. SAME—SEPARABLE CONTROVERSY.

In a suit in a state court to enforce a mechanic's lien, other lien claimants were made defendants, and filed cross petitions for the enforcement of their liens. The principal defendant filed an answer and cross petition bringing in as defendants a mortgagee alleged to hold a lien on the property by virtue of an after-acquired property clause in its mortgage, and also a subsequent grantee of the property, whose deed the defendant asked to have canceled or reformed. Such mortgagee and grantee were citizens of the same state. *Held*, that each of such cross defendants was adversely interested in the controversy of the other, so that neither could remove the cause on the ground of a separable controversy as to which a diversity of citizenship existed.

On Motion to Remand to State Court.

Geo. S. Shanklin, for complainant.

Pirtle & Trabue, Falconer & Falconer, and John J. McHenry, for defendants Harrisburg Trust Co. and R. G. Cox.

EVANS, District Judge.   The plaintiff, the Gates Iron Works, an Illinois corporation, brought this action in the Fayette circuit court in February, 1899, whereby it sought judgment against James E. Pepper & Co., a Kentucky corporation, for $3,060.20, and for the enforcement of a mechanic's lien which it asserted to exist upon certain real estate described in the petition.   To this suit Houston, Stanwood & Gamble, a firm composed of citizens of Ohio, were made parties upon the ground that they also claimed a mechanic's lien upon the same real estate to secure a debt for $1,143.30.   Thomas A. Combs (subsequently changed to the Combs Lumber Company, a co-partnership made up of citizens of Kentucky) was also made a party, upon the allegation that he claimed a mechanic's lien upon the same real estate to secure his debt for $2,070.   S. C. Saunier, a citizen of Kentucky, was also made a defendant, because it was alleged he claimed a mechanic's lien upon the same property to secure a debt of $53.86.   Subsequently Houston, Stanwood & Gamble filed their answer, which was made a cross petition against the other

[1] As to diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249, and, supplementary thereto, note to Mason v. Dullagham, 27 C. C. A. 298.

[2] As to separable controversy as a ground of removal, see note to Robbins v. Ellenbogen, 18 C. C. A. 86, and, supplementary thereto, note to Mecke v. Mineral Co., 35 C. C. A. 155.

parties to the suit. In it they formally set up their claim to a mechanic's lien upon said real estate to secure their demand above described. S. C. Saunier also filed a similar pleading, for a similar purpose, except that only James E. Pepper & Co. was made a defendant to his cross petition. A fourth controversy arose by the filing by the Combs Lumber Company of their counterclaim and cross petition against the other defendants to the suit, in which their lien was also asserted and sought to be enforced against the said real estate for $2,070. A fifth controversy arose in the action when the corporation of James E. Pepper & Co. filed its answer and cross petition, to which it not only made the other parties to the suit defendants, but also, for the first time, introduced as a defendant the Harrisburg Trust Company. The pleading thus filed by James E. Pepper & Co. not only denied the validity of the claim of the Gates Iron Works, but sought to have the deed which, after the creation of the mechanics' liens thereon, it made to R. G. Cox for the land described in the petition, canceled upon the ground of fraud, or, failing in that, it prayed that the boundaries of the said land might be corrected. It also set up the fact that there had been a mortgage upon other property executed by it to the Harrisburg Trust Company, as trustee, two years anterior to the creation of the mechanics' liens, to secure the payment of $150,000 in bonds, which were now held by divers persons, and that the terms of the mortgage were such that it embraced the real estate described in the pleadings, though acquired after the mortgage was made.

This being the state of the pleadings, on the 19th of June last, R. G. Cox, a citizen of Pennsylvania, without otherwise appearing in the action, filed his separate petition for the removal of the cause to this court on the sole ground, as alleged therein, that he is one of the defendants in a suit of a civil nature in which the matter in dispute exceeds $2,000, exclusive of interest and costs, and that the controversy is between citizens of different states. Thereupon he sets out the citizenship of the various parties, and avers that the controversy in this suit is between citizens and residents of different states, and that the petitioner desires to remove this suit before the trial thereof into the circuit court of the United States. On the same day the Harrisburg Trust Company, also a citizen of Pennsylvania, without otherwise appearing in the action, filed a precisely similar petition; and, both of them having executed bond, the case was removed to this court, and the plaintiff, the Gates Iron Works, has moved to remand it to the state court.

If a proper construction of these petitions limits the claim of right to remove to mere diverse citizenship, neither of the petitioners could rightfully remove the case, because some of their co-defendants, who are necessary and not merely formal parties to the litigation, are averred to be citizens of Kentucky. If nothing else exist, the motion to remand must at once be sustained upon that ground. Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Winchester v. Lond, 108 U. S. 130, 2 Sup. Ct. 311, 27 L. Ed. 677. But it is insisted upon the part of the Harrisburg Trust Company and R. G. Cox that the record, as distinguished from their petitions, shows that there is a

separable controversy as to each of them, which can be fully determined as between either of them and the plaintiff or cross plaintiff without the presence of the other defendants as parties. The first thing that strikes the mind in reading the petitions is that neither of them makes a clear or definite statement upon which to base the claim to remove. The petitioners do not state that there is any controversy between either of them and the plaintiff or anybody else in which the amount in dispute is over $2,000; nor is it anywhere alleged that the real estate described in the petition is worth more than that sum, although that real estate may be the only thing in controversy, so far as the petitioners are concerned. The controversy between the Gates Iron Works and James E. Pepper & Co., and that between the Combs Lumber Company and James E. Pepper & Co., respecting the latter's mere personal indebtedness, are about claims which obviously exceed the amount; but inasmuch as neither petitioner is actually interested in these controversies, and as there is no statement as to the value of the real estate, it does not appear that there is any controversy involving the required amount between the petitioners, or either of them, and James E. Pepper & Co., or any cross plaintiff. Without stating how they are interested in it, or specifying what it is, the petitioners go entirely upon the general averment that there is somewhere in the suit a controversy between unnamed citizens of different states. The court is therefore in much doubt as to whether it is at liberty to consider any other question upon this motion than the one thus presented by the petitions. And, besides, the court is strongly inclined to the opinion that a petition for removal must of itself distinctly show and point out the separable controversy, name the parties to it, and state all the grounds upon which the petitioner relies, and not leave the court to grope through the record to find, perchance, something lurking there which, outside of the petition, would justify the removal. 2 Fost. Fed. Prac. § 385a; Black's Dill. Rem. Causes, §§ 169, 170, 49; Grace v. Insurance Co., 109 U. S. 284, 3 Sup. Ct. 207, 27 L. Ed. 932.

The court is also strongly inclined to doubt whether the amount involved is sufficiently stated in the petitions, as between either of the petitioners and any other party to the suit, because, as before stated, neither of the petitioners states that the matter in dispute between the petitioner and any plaintiff or anybody else exceeds the value of $2,000. The court is, indeed, somewhat inclined to put its decision upon the two grounds indicated above; but, waiving each of them, and assuming that the petitions are good in both of these respects, the court still cannot find that there is in the case such a separable controversy in respect to either of the petitioners, or in which they are actually interested, or to which their petitions can properly apply, as between them and a plaintiff or cross plaintiff, or in respect to both of them, as citizens of Pennsylvania, which can be fully settled, and complete relief afforded, without the presence of the original defendants as parties, or, indeed, without the presence, mutatis mutandis, of a citizen of the same state of Pennsylvania in opposing interests. These elements are all necessary in order that there may be a removal in case of a separable contro-

versy. To remove upon this ground, there must be a separate controversy, upon one side of which a defendant and petitioner appears, and which can be completely settled without the presence of other defendants in the action whose presence would defeat the jurisdiction of this court. If there were a controversy here between either petitioner upon the one side and any other plaintiff or cross plaintiff upon the other, which might be completely settled without the presence of the other defendants or of another citizen of Pennsylvania on the opposite side, then the jurisdiction of this court might be sustained; but the court is clearly of opinion that the record discloses no controversy involving a sum exceeding $2,000, besides interest and costs, between either of the petitioners and anybody else, which can be fully determined without the presence of all the original defendants in the action. In order to completely settle any controversy which the record discloses of interest to the petitioners, it seems to the court to be entirely clear that all the parties to this action should be parties to the litigation respecting such controversy. Every one of the parties appears to be directly interested in every one of such controversies. While the questions of personal indebtedness by James E. Pepper & Co. can probably be settled without the presence of other parties, the controversies respecting the real estate and claims to and interests therein, legal and equitable, cannot be fully determined unless all claimants are before the court. The action should be remanded, and it is so ordered.