HOPKINS ERECTING CO.,
INC., Plaintiff,

v.

BRIARWOOD APARTMENTS OF
LEXINGTON, et al., Defendants.

AMERICAN BUILDERS SUPPLY
CO., Plaintiff,

v.

FAIRINGTON APARTMENTS OF
LEXINGTON, et al., Defendants.

ETHINGTON ELECTRIC, INC.,
Plaintiff,

v.

FAIRINGTON APARTMENTS OF
LEXINGTON, et al., Defendants.

Civ. A. Nos. 80–38, 80–44 and 80–230.

United States District Court,
E. D. Kentucky.

June 10, 1981.

W. T. Ingerton, Lexington, Ky., for American Builders Supply Co.

Linda Gosnell, Rosenbaum & Rosenbaum, Lexington, Ky., and Landman & Beatty, Indianapolis, Ind., for Fairington Apartments, Glick, Briarwood Apts. of Lexington, Beatty and GNMA.

C. Edward Hastie, Hastie, Murray & Carter, Lexington, Ky., for Hopkins Erecting Co.

Thomas Meeker, Wyatt, Tarrant & Combs, John M. Longmeyer and Marvin M. Sotsky, Louisville, Ky., for Kentucky Housing Corp.

Stephen A. Watkins, Ogden, Robertson & Marshall, Louisville, Ky., for Tafel Electric & Supply Co. and Louisville Tile Distributors.

Walter C. Cox, Jr., Fowler, Measle & Bell, Lexington, Ky., for Parsons Equipment, Contractors Sales & Rentals, Inc. and Layton, Inc. d/b/a Parsons Equipment.

Stanley M. Saunier, Gess, Mattingly, Saunier & Atchison, Lexington, Ky., for McGrannahan Building & Supply Co. and Winges Co., Inc.

L. Edwin Paulson, Todd & Sherrow, Lexington, Ky., for Lemon Farris.

Joseph H. Miller, Gess, Mattingly, Saunier & Atchison, Lexington, Ky., for Lexington Quarry Co., Inc. and Winges Co., Inc.

Matthew J. Regan, Strother, Oliver & Strother, Lexington, Ky., for Government National Mortgage Association.

Stephen L. Taylor, Hughes, Taylor & Elam, Louisville, Ky., for Ethington Elec. Co., Inc.

Michael W. Kehoe, Newport, Ky., for Rice Electrical Sales, Inc.

## MEMORANDUM OPINION

SCOTT REED, District Judge.

Three cases have been removed from the Fayette Circuit Court, Fayette County, Kentucky to this Court, pursuant to 28 U.S.C. Section 1441. This memorandum opinion will address the propriety of removal in each case.

The first action is styled *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington, et al.*, Civil Action No. 80–38 (*Briarwood*). On May 8, 1981, this Court entered an order denying the pending motions to remand. The Court has decided, *sua sponte*, to reconsider that order. 28 U.S.C. Section 1447(c). The second case is *American Builders Supply Co. v. Fairington Apartments of Lexington*, et al., Civil Action No. 80–44 (*Fairington I*). Motions to remand and for leave to file an amended petition for removal are pending in that case. The final case is *Ethington Electric, Inc. v. Fairington Apartments of Lexington, et al.*, Civil Action No. 80–230 (*Fairington II*). A motion to remand is pending therein.

## I. FACTUAL BACKGROUND

In *Briarwood*, plaintiff alleges in its complaint that it contracted with and provided to defendant Daggett & Cardinell (Daggett) labor and materials for the construction of Briarwood Apartments of Lexington (Briarwood Apartments). Daggett was a subcontractor of defendant Gene B. Glick Co. (Glick Co.), general contractor for the construction project. Plaintiff ceased to provide labor and materials on or about February 21, 1979, at which time it was owed a sum of money. Within six (6) months thereof, plaintiff executed and filed in the appropriate state office an amended statement and notice of mechanic's and materialman's lien on the real property of

Briarwood Apartments. Plaintiff additionally alleges that it provided labor and services to defendant Rice & Jackson (Rice), another subcontractor of defendant Glick Co., for the construction of Briarwood Apartments and has failed to be compensated therefor.

Plaintiff originally prayed for monetary judgments against defendants Rice, Daggett, Glick Co. and Briarwood Apartments alternatively and conjunctively in an amount less than ten thousand dollars ($10,-000.00), and that it be adjudged to have a first, prior and superior lien on the real property of Briarwood Apartments and that said property be sold under order of the Court to satisfy the debt, interest and cost owed plaintiff. By agreed order, entered on January 29, 1981, and after removal to this Court, the claims arising out of the *Briarwood* action between plaintiff and defendant Briarwood Apartments and Glick Co. were dismissed with prejudice.

Plaintiff joined as co-defendants Kentucky Housing Corp., assignee of a mortgage on the real property of Briarwood Apartments, Contractors Sales & Rentals, Inc., Lexington Quarry Co., Inc., Lemon Farris d/b/a Ornamental Iron and Metal Co. and Tafel Electric and Supply Co., all holders of duly recorded mechanic's and materialman's liens on said property (and most of them are Kentucky citizens). (Government National Mortgage Association was added as a defendant in plaintiff's First Amended Complaint as assignee of the interest held by Kentucky Housing Corp.) Plaintiff demands that they be required to come forth and assert their claims, if any they have, to the said real property.

Tafel Electric & Supply Co.'s responsive pleading included a cross-claim that asserted a lien on the real property of Briarwood Apartments in an amount in excess of ten thousand dollars ($10,000.00). Defendants Briarwood Apartments and Glick Co. removed the entire case to this Court on the basis of Tafel Electric's claim, pursuant to 28 U.S.C. Section 1441(c). The Court denied the motions to remand on May 8, 1981.

It now reconsiders pursuant to 28 U.S.C. Section 1447(c) whether the case was removed improvidently and without jurisdiction.

In *Fairington I*, plaintiff American Builders Supply Co. alleges in its complaint that it furnished building materials to defendant Barry Philyaw d/b/a Southern Pressure Seal Co. (Barry Philyaw), pursuant to contractual arrangement, for the construction of Fairington Apartments of Lexington. Barry Philyaw was a subcontractor of defendant Glick Co., general contractor for the construction project. Plaintiff ceased to provide building materials to defendant Barry Philyaw on or about June 28, 1978. Plaintiff filed a lien in the appropriate state office against the real property of defendant Fairington Apartments within six (6) months after it ceased furnishing building materials to defendant Barry Philyaw. Plaintiff prays for judgment against defendant Fairington Apartments in the amount of the lien (an amount less than ten thousand dollars ($10,000.00)) plus interest and further prays that it be adjudged to have a lien on said real property superior to all other claims against said property except for any tax liens, and that the property be sold to satisfy the indebtedness.

Two other lien holders and the assignee of the mortgage on the property are named as parties to the action. Four additional lien holders intervened as defendants in the action. All the lienholders, including plaintiff, are Kentucky citizens. One intervenor, Tafel Electric & Supply Co., asserted a lien on the real property of Fairington Apartments in an amount exceeding ten thousand dollars ($10,000.00). Defendants Fairington Apartments and Glick Co. filed a petition for removal in this Court, basing jurisdiction on the claim of the intervenor Tafel Electric & Supply Co.

Two motions to remand were filed, one by defendant Hopkins Erecting Co. and one by intervenor Winges Co., Inc. The argument in support of those motions is that the petition is defective because (1) it was filed out of time as to all defendants but intervenor Tafel Electric & Supply Co., (2) it fails

to state that defendant Glick Co. was not a citizen of the Commonwealth of Kentucky at the time of the filing of the original action for removal and at the time of the filing of the petition for removal, (3) it fails to state the principal place of business of defendant Glick Co. at the time of filing of the original action and at the time of filing of the petition for removal, and (4) the petition contains no allegation of the citizenship of the individuals who comprise the limited partnership of Fairington Apartments of Lexington. Defendants Fairington Apartments and Glick Co. respond with a motion for leave to file an amended petition for removal and tender an amended petition for removal that corrects the defects in the original petition.

*Fairington II* concerns the same construction project as *Fairington I*, that is, the construction of Fairington Apartments of Lexington. Ethington Electric, Inc. filed its complaint in *Fairington II* on November 25, 1980, wherein it alleges that it executed and appropriately filed a lien on the real property of Fairington Apartments for materials furnished and labor performed in the construction of Fairington Apartments, pursuant to a contract between plaintiff and defendant Glick Co. The amount due plaintiff pursuant to said contract and as set forth in the Statement of Mechanic's Lien is in excess of ten thousand dollars ($10,000.00). Plaintiff demands judgment, jointly and severally, against defendants Fairington Apartments, James Beatty, and Glick Co. for the amount due plus interest, costs and attorney's fees; that it be adjudged a lien upon the real property of defendant Fairington Apartments, prior and superior to all the right, title and interest of the defendants; that the property be sold under orders of the Court to satisfy the lien of plaintiff; and that a receiver be appointed to take charge of the real property of defendant Fairington Apartments.

Plaintiff named as additional defendants six (6) other parties who hold liens against the real property of defendant Fairington Apartments plus the Government National Mortgage Association, holder of a mortgage

on said real property, and one (1) other party. Five (5) of the six (6) lienholders are parties to *Fairington I.* Defendant Winges Co., Inc. has moved to remand on the grounds that petitioners, defendants Fairington Apartments and Glick Co., have failed to allege a separate and independent cause of action, and the diversity of citizenship necessary to sustain removal under the provisions of 28 U.S.C. Section 1441 does not therefore exist.

### Motion For Leave To File Amended Petition

■ The Court will address first the motion in *Fairington I* for leave to file an amended petition. "[A] petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations." *Stanley Elec. Contractors v. Darin & Armstrong Co.*, 486 F.Supp. 769, 773 (E.D.Ky.1980). Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Defendant Hopkins Erecting Co. and intervenor Winges Co., Inc. not having shown that they would be prejudiced by leave to amend the petition for removal, an order shall be entered this day permitting the amendment.

### Motions To Remand

■ The law of removal jurisdiction currently stands in an indefinite condition marked by uncertainty and inconsistency. Limited direction has been provided by appellate courts simply because orders of remand are not reviewable on appeal or otherwise. 28 U.S.C. Section 1447(d). Highlighting this deficiency and of particular concern and consequence to the Court are the diverse interpretations of the language of 28 U.S.C. Sections 1441 and 1446(b). The language of the sections and the relationship between them are crucial to a resolution of the issues in the three (3) cases *sub judice.*

It appears from the case law and commentaries that two approaches have been taken by the courts in analyzing the propriety of removal. The first focuses on 28 U.S.C. Section 1441, the statutory section that promulgates the substantive right of removal. The second approach emanates from the language of 28 U.S.C. Section 1446(b), a portion of the statutory section promulgating the procedure for removal.

Since the cases before the Court were removed on the basis of diversity of citizenship jurisdiction, only the phraseology handling that jurisdictional basis will be discussed in the examination of the line of cases decided under 28 U.S.C. Section 1441. The relevant language of that section states:

(a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States . . .

. . . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ Section 1441 makes the right to remove a right peculiar to the defendant or the defendants. This particular language was dispositive in one of the few removal cases decided by the United States Supreme Court. In *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the non-citizen plaintiff filed an action in state court. The resident defendant counterclaimed for damages in excess of the jurisdictional amount, which claim was separate and distinct from that sued upon by plaintiff. The plaintiff removed the case to the federal district court on the basis of the cause asserted in the counterclaim. The Supreme Court held that the right of removal under the Act of 1970, Jud.Code Section 28, the predecessor statute to 28 U.S.C. Section 1441, was confined to the defendant or defendants. The counterclaim by the

citizen defendant setting up an independent cause of action involving the requisite jurisdictional amount did not confer the right of removal upon the non-citizen plaintiff. In its analysis, the Court quoted from H.Rep. No.1078, 49th Cong., 1st Sess., p. 1, the statement that the plaintiff should be required to abide by his selection of a forum.

While *Shamrock, supra,* settled the issue of removability with respect to a counterclaim, there is no definitive ruling as to cases removed on the basis of claims introduced by cross-claim, third-party claim and intervention. The method of analysis developed in *Shamrock, supra,* has been extended in a line of removal cases determining those issues. The starting point is whether the defendant of the claim introduced is a defendant under 28 U.S.C. Section 1441. Inextricably tied in with that inquiry is whether the claim introduced meets the "separate and independent" test. *See* generally 1A *Moore's Federal Practice,* 0.167[9]–0.167[11] (2d ed. 1979).

The weight of authority indicates that cases removed on the basis of such claims are improperly removed because the defendant of such claims is not a defendant under 28 U.S.C. Section 1441. *Id.; Dowell Division of Dow Chemical Co. v. L. D. Ormsby,* 204 F.Supp. 38 (E.D.Ky.1962). A second line of cases, however, permits removal where the removing party is one who has not submitted to state court jurisdiction and the claim introduced meets the "separate and independent" test. 1A *Moore's* 0.167[9]–0.167[11].

The California case of *Southland Corp. v. Estridge,* 456 F.Supp. 1296 (C.D.Cal.1978), exemplifies this second line under the 28 U.S.C. Section 1441 approach. Although the basis of removal was a class action counterclaim and the Court held that the removal was improvident, the Court engaged in an extensive examination of the case and legislative history of Section 1441. It concluded that "[t]hird party defendants, like other defendants who have not voluntarily chosen to utilize state court should be, and are, allowed to remove separate and independent claims." *Id.* at 1301.

Both the leading treatises on federal procedure, *Moore's, supra,* and ,Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction Section 3724 (1976) would deny defendants of cross-claims, third-party claims and intervening claims the right to remove. *See* 1A Moore's, *supra,* 0.167[9]–0.-167[11]; 14 Wright, Miller & Cooper, *supra.* First, they interpret "defendant" in Section 1441(a) to exclude defendants of claims introduced by cross-claim, third-party claim and intervention. 1A `Moore's, *supra,* 0.167[9]–0.167[11]; 14 Wright, Miller & Cooper, *supra,* Section 3724; *See Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008 (M.D.Ala.1977). Second, Section 1441(c) is applicable only to claims joined by the plaintiff. 1A *Moore's, supra,* 0.163; 14 Wright, Miller & Cooper, *supra,* Section 3724; *See Lowe's of Montgomery, Inc., supra.* Finally, the majority of cases which has considered the issue has concluded that defendants of claims introduced by cross-claim, third-party claim and intervention are not entitled to remove. 1A *Moore's, supra,* 0.167[9]–0.167[11]; 14 Wright, Miller & Cooper, *supra,* Section 3724; *See Lowe's of Montgomery, Inc., supra; Hyde v. Carder,* 310 F.Supp. 1340 (W.D.Ky.1970).

In *Dowell Division of Dow Chemical Co., supra,* the Court cited with approval the following language from page 252 of *Moore's Commentary on the U.S. Code* (1949):

> In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the *plaintiff,* we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal.

204 F.Supp. at 39. *Briarwood* and *Fairington I* appear to fall within those constraints.

In *Briarwood*, the basis for removal is a claim introduced by way of a cross-claim, and in *Fairington I*, the basis for removal is a claim introduced by way of intervention. Although original defendants in the actions removed the two cases and the claims introduced arguably meet the "separate and independent" test, the weight of authority is that removal is improvident and the cases should be remanded.

Defendants Briarwood, Fairington and Glick Co. argue, however, that the parties in the actions should be realigned and once they are, the cases will comply with the requisites of removal. The Court originally found that argument persuasive, but in light of the approach developed under 28 U.S.C. Section 1446(b), the Court finds the argument without merit under the facts presented.

 It is not gainsaid that in determining the propriety of removal on the basis of diversity of citizenship jurisdiction federal courts will align the parties according to their real interests and then decide the question of jurisdiction. *Chicago, Rock Island & Pacific R.R. Co. v. Stude*, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Peters v. Standard Oil Co.*, 174 F.2d 162 (5th Cir. 1949). The Court cannot engage in such a task, however, until it surmounts the hurdle of 28 U.S.C. Section 1446(b). That section states:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

from which it may first be ascertained that the case is one which is or has become removable.

 Generally, removability is determined by the pleadings filed by the plaintiff. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280–282, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918); *Union Planters Nat'l. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). A case nonremovable on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967). This rule developed from a line of cases originating with *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). There the plaintiff voluntarily dismissed the resident defendants after the time within which the petition for removal could be filed had elapsed. The nonresident defendant petitioned for removal. The Court held that a nonresident defendant can remove as soon "as the action assumes the shape of a removable case in the court in which it was brought." 169 U.S. at 101, 18 S.Ct. at 267. The case had first become removable when the plaintiff discontinued his action against the resident defendant.

Although the Court in *Powers, supra*, did not emphasize that the dismissal of the resident defendant resulted from a voluntary act of the plaintiff, subsequent cases seized upon that element and established the voluntary-involuntary rule. *See Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900); *Kansas City Suburban Belt Ry. Co. v. Herman*, 187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76 (1902); *Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909); *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*, 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177 (1909). The rule was solidified in *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915) and *Great N. Ry. Co. v. Alexander, supra*, in which the Court stated that an action nonremovable when commenced can

be converted into a removable action only by the voluntary act of the plaintiff.

In 1949, 28 U.S.C. Section 1446(b) was amended "so that for the first time a statutory provision provided for removal of cases which were not removable on the initial pleading." 380 F.2d at 547. The majority of cases that has considered the voluntary-involuntary rule in light of the amendment has held that the amendment did not abolish the rule. *Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976). *See* 1A *Moore's, supra*, 0.168[3.–5]. The legislative history of the amendment evidences the validity of these cases. In an explanatory note of the House Report it is stated:

> The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. *This is declaratory of the existing rule laid down by the decisions.* (See for example, *Powers v. Chesapeake, etc., Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673.) (Emphasis added).

2 U.S. Code Cong. Serv. p. 1268, 81 Cong., 1st Sess. (1949). Under this approach, then, removability is determined by the initial pleading of the plaintiff. If the action is nonremovable, it can become removable only through a voluntary act of the plaintiff.

The cases that have permitted removal on the bases of cross-claims, third-party claims and intervening claims have analyzed the issue under the terms of 28 U.S.C. Section 1441 without having considered the effects of 28 U.S.C. Section 1446(b). The two sections, however, should be interpreted in conjunction with one another and not in a vacuum. Only then can the language employed obtain import. Accordingly, in determining whether a case was removed improvidently and without jurisdiction, it should first be ascertained if a removable claim is asserted in the initial pleading in the case and, if not, whether a subsequent voluntary act of the plaintiff has converted the claim into one that is removable. If this first requirement is satisfied, the Court will then proceed to determine if the removing party is a defendant within 28 U.S.C. Section 1441 and, where necessary, if the claim upon which the removal is based meets the "separate and independent" test of 28 U.S.C. Section 1441(c). To conduct the analysis in reverse order of that stated or to analyze the removal exclusively under action 1441 would be tantamount to putting the cart before the horse.

In *Briarwood*, defendants Briarwood Apartments and Glick Co. removed the case on the basis of a cross-claim asserted against them. In *Fairington I*, defendants Fairington Apartments and Glick Co. removed the case on the basis of an intervening claim asserted against them. It is unnecessary to decide in either case whether the defendants are "defendants" within section 1441 and whether the claim is "separate and independent" under section 1441(c) because the claim that forms the basis for each removal does not appear in the initial pleading nor result from the voluntary act of the plaintiff. 28 U.S.C. Section 1446(b). Accordingly, orders will be entered in *Briarwood* and *Fairington I* remanding the cases to the Fayette Circuit Court of Fayette County, Kentucky.

*Fairington II* fulfills the requirements of 28 U.S.C. Section 1446(b) since the claim that is the foundation for removal appears in the initial pleading. Turning to section 1441, it is noted that the removing parties, defendants Fairington Apartments and Glick Co., are without question, defendants within that section. However, there is not complete diversity between the plaintiff and all the defendants. Defendants Fairington Apartments and Glick Co. argue that the parties to the suit should be realigned, and if properly realigned, complete diversity will exist.

In determining the propriety of removal on the basis of diversity of citizenship jurisdiction, the characterization in the state court action of a party as a plaintiff or a defendant is not controlling; rather, federal courts will align the parties accord-

ing to their real interests, and then decide the question of jurisdiction. *Chicago, Rock Island & Pacific R.R. Co. v. Stude, supra; Peters v. Standard Oil Co., supra.* It is the duty of the courts to look beyond the pleadings and arrange the parties according to their sides in the dispute. Whether the necessary collision of interests exists shall be determined from the principal purpose of the suit and the primary and controlling matter in dispute. *Indianapolis v. Chase Nat'l. Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

■ Upon examination of the matters in *Fairington II*, the Court does not find it necessary to realign the parties. The real interests of the parties are reflected by the current alignment. Plaintiff demands the following: (1) judgment jointly and severally against Fairington Apartments, James Beatty, and Glick Co. in the amount of $60,303.50, plus interest, costs and reasonable attorney's fees; (2) that plaintiff be adjudged a lien upon the real property of Fairington Apartments prior and superior to all the right, title, and interest of the defendants; (3) that said real property be sold under orders of the Court to satisfy plaintiff's mechanic's lien; and (4) that the Court appoint a receiver to take charge of said real property. The necessary collision of interests exists between plaintiff and the other lienholders because plaintiff demands that its lien be adjudged prior and superior to all other interests.

Defendants Fairington Apartments and Glick Co. argue in the alternative that the claim of plaintiff against them is separate and independent and the case is therefore removable in accordance with 28 U.S.C. Section 1441(c). The leading judicial construction of the "separate and independent claim or cause of action" requirement is *American Fire & Cas. Co. v. Finn, supra.* There, the Supreme Court concluded "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)." *Id.* 341 U.S. at 14, 71 S.Ct. at 540. Lower courts have also defined the language of 28 U.S.C. Section 1441(c). In *Snow v. Powell,* 189 F.2d 172 (10th Cir. 1951), for example, it is stated:

The word "separate" means distinct; apart from; not united or associated. The word "independent" means not resting on something else for support; self-sustaining or conditioned.

*Id.* at 174.

■ The action in *Fairington II* sounds not only in contract; it involves priority of liens as well. Plaintiff specifically seeks to enforce its mechanic's lien on the real property of Fairington Apartments and have that lien adjudged superior and prior to any liens held by any of the defendants. While a different standard obtained prior to the 1949 amendments to the removal statute, insofar as a cause could be removed if it were a separable controversy whereas now it must be a separate and independent claim or cause of action, the Court finds case law under the prior standard persuasive.[1] *See, e. g., Gates Iron Works v. James E. Pepper & Co.,* 98 F. 449 (6th Cir. 1899); *Sweeney v. Grand Island and Wyoming Central R.R. Co.,* 61 F. 3 (8th Cir. 1894), *cert. denied* 179 U.S. 684, 21 S.Ct. 916, 45 L.Ed. 385 (1900); *Bissell v. Canada & St. L. R. Co.,* 39 F. 225 (7th Cir. 1889). The priority of plaintiff's lien is neither separate nor independent from the priority of the liens asserted by the other lienholder. Accordingly, *Fairington II* is not removable under 28 U.S.C. Section 1441(c). An order to that effect will be entered this day.

■ In concluding it is noted that the policy of the removal statute is to restrict the jurisdiction of the federal courts on removal. Such legislation must be strictly construed. " 'Due regard for the

---

1. *See, American Fire & Cas. Co. v. Finn, supra,* and 1A *Moore's, supra,* 0.162[1] at p. 232 for an explanation of the change in language. An important purpose of the change was to restrict more narrowly the right to remove. Hence, the "separate and independent claim or cause of action" standard is more limiting than the prior standard. A suit non-removable under the prior standard would *a fortiori* be non-removable under the amended stricter standard.

rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. [Cites omitted].'" 313 U.S. at 109, 61 S.Ct. at 872. All doubt should be resolved in favor of remand and jurisdiction retained only where it is clearly shown to exist. *Breymann v. Pennsylvania, O. & D. R. Co.,* 38 F.2d 209 (6th Cir. 1930); *Roseberry v. Fredell,* 174 F.Supp. 937 (E.D.Ky.1959); *Stock Yards Bank v. Nat'l Surety Corp.,* 42 F.Supp. 10 (W.D.Ky.1941). The Court will not engage in judicial gymnastics to circumvent the removal legislation and the policy underlying that legislation.