## AETNA INS. CO. et al. v. CITY OF MALDEN, MO. et al.

### No. 1493.

United States District Court, E. D. Missouri, S. D.

Jan. 2, 1952.

Seivers & Reagan, St. Louis, Mo., for plaintiff.

Riddle & Baker, Malden, Mo. and McHaney & McHaney, Kennett, Mo., for defendant City of Malden.

Elbert L. Ford and Langdon R. Jones, Kennett, Mo., for defendant Reade Shirts, Inc.

HULEN, District Judge.

This action was filed in the State Court as an interpleader suit. Plaintiffs were the fire insurers for premises owned by defendant City of Malden. The insured property was leased to defendant Reade Shirts, Inc. The policies were issued in the name of Reade Shirts, Inc. The building was destroyed by fire while defendant Reade Shirts, Inc. was in possession. Plaintiffs, being in doubt as to which defendant is

entitled to the proceeds, initiated this action in the State Court, seeking a determination of that issue and that the policies be reformed in favor of City of Malden.

Defendant City of Malden filed a cross-action in the State Court against defendant Reade Shirts, Inc., alleging that gross negligence of the latter caused the fire loss.[1] Treble damages were sought under a Missouri statute allowing same for certain types of willful and wanton misconduct. A second count, in the alternative, asks for only actual damages.

Reade Shirts, Inc., by answer seeks to force use of the proceeds of the policies interpled to restore the fire-destroyed building, in accord with their lease.

■ Reade Shirts, Inc. removed this case. On motion to remand they claim the cross-action filed against it by the City is a separate and independent cause of action from any other cause of action in the case, and the cross-action may be removed under Section 1441(c) of Title 28 U.S.C.A.[2] The test to be applied under this statute is whether there are separate and independent causes of action stated, one of which is removable. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 19 A.L.R. 2d 738.

The Supreme Court in the Finn case, supra, discussed at length the problem of what constitutes a separate and independent claim. Although the Court never expressly stated what would constitute such a claim, it definitely asserted what would *not* be a separate and independent claim—"we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Loc. cit. 341 U.S. at page 14, 71 S.Ct. at page 540.

■ The City of Malden has suffered but one injury—its property has been destroyed by fire. The City seeks two forms of redress for that injury—first, recovery of the insurance proceeds involved in the interpleader action, and second, recovery on a negligence theory from the tenant in possession of the premises. Although these two claims arise out of different transactions, a contract of insurance and actionable negligence, the City seeks recovery for but *one* invasion of its rights. Under the Finn case ruling we feel bound to hold two claims, while separate, are not independent.

This case is factually distinguishable from the Finn case. We here have two claims being asserted by a defendant instead of plaintiff, as in the Finn case. One claim is in answer to an interpleader, and the other claim is asserted by way of cross-action against the other interpleading defendant. This distinction in position of the parties does not alter the nature of the relief sought by the City of Malden, and the fact that redress is being sought for but one injury. In Snow v. Powell, 10 Cir., 189 F.2d 172, one action was brought against a railroad and its employee. The employee was charged with assault of the plaintiff. The theory of the claim against the railroad for actual damages was that it had negligently hired an employee of known vicious propensity. In the action against the employee punitive damages were sought in addition to actual damages. The railroad removed the case to the Federal District Court on the ground that a separate and independent claim had been asserted against it. The Court of Appeals ordered a remand, stating that plaintiff suffered but one injury and the claims against the several defendants were not independent. See also Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902.

1. The subject of this cross-action was originally the basis for a separate suit in the State Court by the City of Malden against Reade Shirts, Inc. The City dismissed its State action and filed the same claim as its cross-action in this case.

2. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Defendant Reade Shirts, Inc. as a second ground for removal claims that there are really only two adverse parties in this case, the two interpleading defendants. The plaintiffs, it is suggested, are merely nominal parties and uninterested in the litigation. Defendant would have the Court realign the parties and treat the case as litigation only between the two defendants. Removal would then go as a matter of course. Plaintiffs do not take a neutral position. They ask for a reformation of the insurance contracts in favor of defendant City and against Reade Shirts, Inc.

Ruling on the motion for remand has not been easy. The facts in this case present finer issues than are found in the Finn case. The character of interest of plaintiffs and the real issues on the cross-action, between residents of different States, present the real problems. We cannot say the plaintiffs are entirely disinterested. Neither can we declare the question presented is free from doubt. The trend is to restrict the jurisdiction of this Court. There is a presumption against jurisdiction and if jurisdiction is doubtful jurisdiction should be refused.